UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Olatunji Adejola,<br>Plaintiff,<br><br>v.<br><br>AMIkids Beaufort, Inc.,<br>Defendant. | CASE NO.:  9:23-cv-02695-BHH-MHC<br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

2. The Plaintiff, Olatunji Adejola, is a citizen of the State of South Carolina, resides in Beaufort County, South Carolina and is entitled to the protections of the FMLA on account of his need for and use of leave protected by the Act.

3. The Defendant, AMIKIDS Beaufort, Inc., is, upon information and belief, a domestic corporation organized and operating under the laws of the State of South Carolina.

4. The Defendant is an industry that affects commerce within the meaning of the FMLA.

5. The Defendant is a "person" within the meaning of the FMLA.

6. The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

7. All employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

9. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

10. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. In or around June 2019, the Plaintiff began working for Defendant as a teacher. At all times relevant to this Complaint, the Plaintiff was efficient and effective in his work.

12. On or about April 4, 2022, while working for Defendant, the Plaintiff took a group of students to "Dorm 1" (a residential building on Defendant's campus) so that they could use the restroom. While waiting on the students to use the restroom, one student began yelling at the Plaintiff and then threw a table and a chair, hitting him in the back.

13. The Plaintiff immediately called for help and notified Defendant's Executive Director, Matthew Kingdom, of the incident and that he was injured, constituting his institution of a workers' compensation claim.

14. The Plaintiff began seeking medical treatment for his injuries and was out of work from April 5, 2022, to April 11, 2022. Immediately upon his return, Mr. Kingdom began retaliating against the Plaintiff, issuing two (2) baseless write-ups between April and June.

15. The Plaintiff also suffers from anxiety which was exacerbated by the unjustified harsh treatment by Mr. Kingdom. Between April and June of 2022, the Plaintiff repeatedly asked Mr. Kingdom for time off due to his anxiety, but every request was denied.

16. Then, on or about June 20, 2022, the Defendant unexpectedly sent the Plaintiff home, accusing him of being clocked out during an unauthorized time. The Plaintiff was instructed not to return until he heard from the Defendant.

17. On or about June 24, 2022, the Plaintiff received a letter from Mr. Kingdom stating that he was terminated due to "multiple no call/no shows." The Plaintiff immediately informed Mr. Kingdom of the falsity of those allegations.

18. As a result, on or about July 5, 2022, the Plaintiff received a second letter admitting that the June 24, 2022 letter was an error, but that he was still being terminated – this time "for violating procedure."

19. Any and all reasons for Plaintiff's termination stated by the Defendant are pretextual in nature. The Plaintiff was truly terminated in retaliation for instituting a workers' compensation claim and for applying for FMLA leave.

20. At the time of Plaintiff's termination, he had accrued one hundred forty-eight (148) hours of paid time off ("PTO") which the Plaintiff is still owed. Despite numerous requests to Plaintiff emailed Mr. Kingdom and Community and Cultural Relations representative "Angie," the Defendant has failed and continues to fail to pay Plaintiff his PTO.

**FOR A FIRST CAUSE OF ACTION**
**Retaliatory Discharge in Violation of §41-1-80**

21. The Plaintiff reiterates and realleges the allegations set forth above as if fully stated herein verbatim.

22. The Plaintiff's termination was retaliatory in nature for instituting, or causing to be instituted, a workers' compensation claim, and any arbitrary and irrational reason given was pretext, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

23. Plaintiff's institution of a workers' compensation claim was a substantial factor in the Defendant's decision to terminate his employment. But for filing a workers' compensation claim, the Plaintiff would still be employed.

24. The Defendant therefore terminated Plaintiff's employment in direct retaliation for instituting a workers' compensation claim.

25. By reason of such wrongful and retaliatory treatment by Defendant, the Plaintiff is entitled to back wages and bonuses from the date of his retaliation to the present date, front pay for wages, wages he will lose in the future, and past and future benefits in such an amount to be determined by the trier of fact.

**FOR A SECOND CAUSE OF ACTION**
**Violation of the Family and Medical Leave Act – Interference**

26. The Plaintiff reiterates and realleges the allegations set forth above as if fully stated herein verbatim.

27. As alleged above, the Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects. Upon his request, he was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq.*).

28. By failing to provide adequate medical leave as required by the FMLA, the Defendant interfered with his attempt to secure and utilize such leave.

29. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

30. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, he is entitled to injunctive relief and civil damages, including lost wages and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A THIRD CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Retaliation

31. The Plaintiff reiterates and realleges the allegations set forth above as if fully stated herein verbatim.

32. Defendant's discipline against Plaintiff and discharge of his employment as a result of him having requested such leave is a violation of his rights under said statute.

33. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.).

34. The Defendant therefore terminated Plaintiff's employment in direct retaliation for attempting to take leave to which he was entitled under the Family Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq.*) (hereinafter "FMLA").

35. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

36. Accordingly, the Plaintiff is informed and believes that due to the acts of the Defendant, he is entitled to injunctive relief and civil damages, including lost wages and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A FOURTH CAUSE OF ACTION
### Violation of South Carolina Payment of Wages Act

37. The Plaintiff reiterates and realleges the allegations set forth above as if fully stated herein verbatim.

38. The Defendant wrongfully withheld the Plaintiff's payment for his accrued PTO (which constitute "wages" under the South Carolina Payment of Wages Act), and the Defendant should therefore be required to pay the Plaintiff for all wages owed to him, plus interest.

39. The Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact, treble damages and attorney's fees and costs pursuant to S.C. Code §41-10-80 (1976), as amended.

## RELIEF REQUESTED

The Plaintiff requests a judgment by this Court against Defendant as follows:

1. In favor of the Plaintiff and against Defendant for all causes of action in an amount that is fair, just and reasonable;

2. In favor of the Plaintiff and against Defendant for back pay he would have earned (with related monetary benefits and interest thereon) had he been kept in his proper employment;

3. In favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. In favor of the Plaintiff and against Defendant for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5. In favor of the Plaintiff and against the Defendant for treble damages in an amount to be determined at the trial of this matter;

6. An award to the Plaintiff for reinstatement to his former position; and

7. For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Emily Hanewicz Tong*
Emily Hanewicz Tong (Fed. I.D. #12177)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
t: (843) 553-9800
f: (843) 203-1496
e: ehtong@wiggerlawfirm.com

North Charleston, South Carolina
June 15, 2023.