IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Olatunji Adejola, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:23-cv-2695-BHH |
| v. ) | |
| ) | **ORDER** |
| AMIkids Beaufort, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    This matter is before the Court upon Plaintiff Olatunji Adejola's ("Plaintiff") complaint alleging various claims arising out of his former employment with Defendant AMIkids Beaufort, Inc. ("Defendant"). On July 12, 2023, Defendant filed a motion to partially dismiss and to strike pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure. (ECF No. 8.) Specifically, Defendant requests that the Court dismiss Plaintiff's claim pursuant to the South Carolina Payment of Wages Act and strike Plaintiff's jury demand.

    On October 31, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2), D.S.C., United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court deny Defendant's motion. Defendant filed objections to the Report, and Plaintiff filed a response to Defendant's objections. For the reasons set forth below, the Court overrules Defendant's objections, adopts the Magistrate Judge's Report, and denies Defendant's motion for partial dismissal and to strike.

**STANDARDS OF REVIEW**

**I.     The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**II.    Rule 12(b)(6) of the Federal Rules of Civil Procedure**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.   Rule 12(f) of the Federal Rules of Civil Procedure**

Federal Rule of Civil Procedure 12(f) permits a district court, on its own or on motion

of a party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citations omitted). When presented with a motion to strike, "the court must view the pleading under attack in a light most favorable to the pleader." *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D.W. Va. 1993).

## **DISCUSSION**

In her Report, the Magistrate Judge outlined the allegations of Plaintiff's complaint and then considered the merits of Defendant's motion to dismiss and to strike in turn. First, with respect to Defendant's motion to dismiss Plaintiff's claim under the South Carolina Payment of Wages Act, the Magistrate Judge summarized Defendant's argument that the Court should conclude, as a matter of law, that Plaintiff is not entitled to his unused paid time off. The Magistrate Judge considered Defendant's reliance on language contained in a Team Member Reference Guide (Handbook), a document that Defendant attached to its motion, but the Magistrate Judge declined to consider the Handbook for purposes of Defendant's Rule 12(b)(6) motion, noting that Plaintiff does not refer to or specifically rely on the Handbook in his complaint and that Plaintiff disputes that the Handbook is integral to his claim.

Ultimately, the Magistrate Judge considered only the four corners of the complaint and recommended that the Court deny Defendant's motion for partial dismissal, noting that "Defendant does not argue that the factual allegations in the Complaint are insufficient to

state a plausible claim under the South Carolina Payment of Wages Act." (ECF No. 11 at 8.)

In its objections to the Report, Defendant takes issue with the Magistrate Judge's assertion that it did not argue that Plaintiff's complaint fails to plead sufficient facts to state a plausible claim under the South Carolina Payment of Wages Act. To the contrary, Defendant asserts that, in its memorandum in support of its motion, Defendant argued that Plaintiff failed to meet his pleadings burden "by merely alleging in his Complaint that he did not receive payment for accrued but unused paid time off ("PTO") before summarily drawing the unfounded legal conclusion that he is entitled to such PTO payment, plus interest." (ECF No. 12 at 2.) Defendant also asserts that Plaintiff's failure to identify an employer policy or employment contract that would entitle him to any accrued but unused paid time off, as required by S.C. Code Ann. § 41-10-10, renders his claim insufficient to survive a motion to dismiss.

Furthermore, Defendant asserts that the Handbook and Plaintiff's Acknowledgement are integral to his claim, as his claim **must be** based on some employer policy or contract. Thus, Defendant asserts that, "even if the Court is inclined to disregard the Handbook and signed Acknowledgment for purposes of Plaintiff's Motion to Dismiss, Plaintiff's claim must still be dismissed based on his failure to plausibly plead in the Complaint that any employer policy or contract actually entitled him to accrued PTO upon the termination of his employment." (ECF No. 12 at 5.)

After *de novo* review, the Court first notes that it fully concurs with the Magistrate Judge's decision to disregard the Handbook and Acknowledgment for purposes of evaluating Defendant's motion. Indeed, the Court finds that, to consider the Handbook and

Acknowledgment would have the effect of converting the motion into one for summary judgment, which would be premature and improper at this time.  *See Defs. of Wildlife v. Boyles*, 608 F. Supp. 3d 336, 345 (D.S.C. 2022).

Next, the Court finds that despite Defendant's arguments to the contrary, Plaintiff's factual allegations are sufficient to state a plausible claim under the South Carolina Payment of Wages Act, and the Court further notes that Defendant's arguments would be better reserved for a motion for summary judgment.  Accordingly, the Court overrules Defendant's objections and adopts the Magistrate Judge's findings and recommendations as to Defendant's motion to dismiss Plaintiff's claim under the South Carolina Payment of Wages Act.

Next, in the Report, the Magistrate Judge considered Defendant's request to strike Plaintiff's jury demand on the basis that Plaintiff knowingly and voluntarily executed a jury waiver as a condition of his employment with Defendant.  The Magistrate Judge ultimately recommended that the Court deny the motion to strike at this time, noting that a motion to strike is not the proper mechanism for deciding issues of law or fact, especially in a case such as this, where there has not yet been discovery and the parties dispute the issues.

Defendant objects the Magistrate Judge's findings, asserting that the jury waiver is not an unconscionable adhesion contract as a matter of law.  According to Defendant, Plaintiff does not contest that he signed the waiver and does not assert any argument to suggest that his signature was involuntary.

After *de novo* review, the Court again concurs with the Magistrate Judge's findings and recommendations on this issue.  First, the Court finds that Defendant's motion to strike Plaintiff's jury demand does not appear to be aimed at redundant, immaterial, impertinent,

or scandalous matter as intended for a motion under Rule 12(f), particularly in light of the parties' dispute as to the effect of the jury waiver.  Second, the Court agrees with the Magistrate Judge that there is insufficient information before the Court at this time to determine the validity of the jury demand.  *See E.E.O.C. v. Kelley Drye & Warren, LLP*, No. 10 CIV. 655 LTS MHD, 2011 WL 3163443, at *5 (S.D.N.Y. July 25, 2011) ("Even when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." (citation and internal quotation marks omitted)).  Accordingly, the Court denies Defendant's motion to strike the jury demand; however, as recommended by the Magistrate Judge, the Court does so without prejudice and with leave to refile after the completion of discovery.

## CONCLUSION

In conclusion, after *de novo* review, the Court finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law, and the Court finds Defendant's objections unavailing.  Therefore, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 11); the Court **overrules** Defendant's objections (ECF No. 12); and the Court **denies** Defendant's motion to partially dismiss and to strike (ECF No. 8).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 30, 2024
Charleston, South Carolina